NICKY JATANA, SBN 197682
jatanan@jacksonlewis.com
CAROLINE B. WOLF, SBN 268014
caroline.wolf@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
(213) 689-0404 – Telephone
(213) 689-0430 – Facsimile

RANDALL S. THOMPSON [*Pro Hac Vice* application forthcoming]
randy.thompson@huschblackwell.com
ANTHONY G. GRICE [*Pro Hac Vice* application forthcoming]
anthony.grice@huschblackwell.com
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
(314) 480-1500 – Telephone
(314) 480-1505 – Facsimile

Attorneys for Defendants
CONAGRA FOODS, INC. and
RALCORP HOLDINGS, INC.

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES UZOSIKE,<br><br>Plaintiff,<br><br>v.<br><br>CONAGRA FOODS, INC., a Delaware corporation; RALCORP HOLDINGS, INC., a Missouri corporation; RODRIGO "PELON" RODRIGUEZ, an individual; JUAN SANDERS, an individual, and DOES 1 through 50,<br><br>Defendants. | Case No.: 2:15-cv-03300<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446**<br><br>**(DIVERSITY JURISDICTION)**<br><br>(Filed concurrently with Appendix of California State Authorities, Notice of Interested Parties and Corporate Disclosure Statement, Notice of Related Cases, and Civil Case Cover Sheet)<br><br>Complaint filed: March 12, 2015 |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, PLAINTIFF JAMES UZOSIKE AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants ConAgra Foods, Inc. ("ConAgra") and Ralcorp Holdings, Inc. ("Ralcorp"), by and through their counsel, hereby remove this action to the United States District Court for the Central District of California, Western Division. As grounds for removal, ConAgra and Ralcorp state as follows:

1. On March 12, 2015, Plaintiff James Uzosike, a resident of Los Angeles County, California, filed a Complaint against ConAgra, Ralcorp, Rodrigo "Pelon" Rodriguez ("Rodriguez"), Juan Sanders ("Sanders"), and DOES 1 through 50 in the Superior Court of California in and for Los Angeles County, Central District, namely, *James Uzosike v. ConAgra Foods, Inc. et al.*, Case No. BC575409 ("Complaint").

2. ConAgra and Ralcorp were served with a copy of the Complaint and a summons from the state court on April 2, 2015. A true and correct copy of the summons and Plaintiff's Complaint are attached hereto as Exhibit A.

3. In his Complaint, Plaintiff alleges that ConAgra, Ralcorp, Rodriguez, and Sanders harassed and discriminated against him because of his race and national origin, and that ConAgra and Ralcorp discharged him because of his race and national origin, and in retaliation for his complaints of harassment and discrimination in violation of the California Fair Employment and Housing Act ("FEHA"). *See* Exhibit A, Plaintiff's Complaint. See also Plaintiff's Charge of Discrimination, a true and correct copy of which is attached hereto as Exhibit B.

4. ConAgra and Ralcorp deny Plaintiff's allegations. On April 30, 2015, ConAgra and Ralcorp served their Answers to Plaintiff's Complaint, and on May 1, 2015, ConAgra and Ralcorp filed their Answers to Plaintiff's Complaint in the

Los Angeles County Superior Court. True and correct copies of ConAgra and Ralcorp's Answers to Plaintiff's Complaint are attached hereto as <u>Exhibit C</u>.

5. ConAgra is a Delaware corporation headquartered in Omaha, Nebraska. *See* Declaration of Jennifer Deitloff, attached hereto as <u>Exhibit D</u> ("Deitloff Declaration") at ¶¶ 3, 4. Ralcorp is a Missouri corporation with its principal place of business in Omaha, Nebraska. <u>Exhibit D</u>, Deitloff Declaration at ¶ 6.

6. Plaintiff's alleged damages are greater than $75,000. *See* <u>Exhibit A</u>, Plaintiff's Complaint; and *see infra* Section C. The Amount in Controversy in This Matter Exceeds $75,000.

7. On information and belief, Plaintiff has not served Rodriguez or Sanders with a copy of the Complaint. ConAgra and Ralcorp lack knowledge and information sufficient to form a belief as to where Rodriguez and Sanders reside.

8. Even if Rodriguez and Sanders have been or will be properly served and one or both of them reside in California, their presence in this action does not destroy diversity because they are sham defendants who cannot be held liable for the sole cause of action – a claim of harassment in violation of the FEHA – asserted against them in Plaintiff's Complaint. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.") (*citing McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (former employee failed to state cause of action under California law against individual defendants; thus individual defendants' joinder did not destroy diversity)).

9. The presence of the Doe defendants also has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For the purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall

be disregarded.").

10. This lawsuit is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by ConAgra and Ralcorp pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11. ConAgra and Ralcorp have a right to remove this action pursuant to 28 U.S.C. § 1446(b) given less than thirty days have elapsed since they first received a copy of the initial pleading and this Notice of Removal was filed less than one year after the commencement of the lawsuit.

12. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

13. Venue of this action lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1441 and 1391(b) because this is the judicial district of this Court in which Plaintiff alleges the action arose and where Plaintiff resides. *See* Exhibit A, Plaintiff's Complaint at ¶ 1; *see also* Exhibit D, Deitloff Declaration at ¶ 8.

**A.  RODRIGUEZ AND SANDERS ARE SHAM DEFENDANTS WHOSE PRESENCE IN THIS ACTION DOES NOT DESTROY DIVERSITY BECAUSE THE SOLE CAUSE OF ACTION AGAINST THEM (HARASSMENT IN VIOLATION OF THE FEHA) FAILS AS A MATTER OF LAW.**

14. Plaintiff's improper inclusion of Rodriguez and Sanders in this lawsuit does not destroy diversity jurisdiction. Rodriguez and Sanders are sham defendants against whom Plaintiff has failed to state a claim.

15. Plaintiff asserts only one of his six purported causes of action against Rodriguez and Sanders – the third cause of action for harassment in violation of the FEHA. *See* Exhibit A, Plaintiff's Complaint at ¶¶ 42 - 49. However, Rodriguez and Sanders cannot be held liable for harassment under the FEHA because Plaintiff did not exhaust his administrative remedies against them. Plaintiff did not name them in his California Department of Fair Employment and Housing ("DFEH") charge of discrimination. *See* Exhibit A, Plaintiff's Complaint at ¶ 35; s*ee also* Exhibit B, Plaintiff's Charge of Discrimination.

16. Under the FEHA, "any person claiming to be aggrieved . . . may file with the department a verified complaint, in writing . . . that shall state the name and address of the person [and/or] employer . . . alleged to have committed the unlawful practice complained of." CAL. GOV'T CODE §12960(b). Where a plaintiff fails to name a defendant as a respondent or in the body of the DFEH charge of discrimination, the plaintiff cannot subsequently file a FEHA claim against the non-named defendant. *See DelGiacco v. Cox Communications, Inc.*, Case No. SACV 14-0200 DOC(DFMx), 2015 WL 1535260, at *11 (C.D. Cal. April 6, 2015) ("Each defendant of the lawsuit must be identified in the caption or body of the plaintiff's administrative complaint"); *Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal. App. 4th 1505, 1511 (Cal. Ct. App. 1996) (dismissing individual defendants not named in caption or body of charge while allowing FEHA discrimination claim to proceed against individual named in body of charge).

17. Here, Plaintiff failed to exhaust his administrative remedies against Rodriguez and Sanders because his DFEH charge of discrimination did not name them or mention them at all. *See* Exhibit B, Plaintiff's Charge of Discrimination. At most, Plaintiff's charge vaguely references two Hispanic co-workers as harassers, which is insufficient to satisfy his burden under the FEHA to name the alleged wrongdoers in his charge of discrimination. *Cole*, 47 Cal. App. 4th at 1511

(plaintiff required to exhaust his administrative remedies against defendant by naming defendant as respondent in caption or in body of charge). Plaintiff's charge alleges no wrongful conduct against Rodriguez or Sanders, nor does it include any information about them that would provide notice that Plaintiff alleged wrongful conduct against them.[1]  *See* <u>Exhibit B</u>, Plaintiff's Charge of Discrimination.

18. Accordingly, Plaintiff's FEHA harassment claim against Rodriguez and Sanders fails as a matter of law because Plaintiff failed to exhaust his administrative remedies against them. Rodriguez and Sanders are sham defendants and Plaintiff's inclusion of them in this lawsuit cannot defeat diversity.

**B. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND CONAGRA AND RALCORP.**

19. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 571 (2004). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 856 (9th Cir. 2001).

20. A corporation is a citizen in a state where it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). With respect to

---

[1] It would be unreasonable to identify Rodriguez and Sanders as the alleged wrongdoers based solely on the allegations contained in Plaintiff's charge of discrimination. Even if it is assumed that Rodriguez and Sanders are Hispanic, Plaintiff worked with dozens of Hispanic individuals. Indeed, it could be that the reference in Plaintiff's charge is to others. Additionally, a review of Plaintiff's charge reveals that he had the ability to name Rodriguez and Sanders as the alleged wrongdoers because he identified other individuals in the body of his charge. *Id.* He simply chose not to.

ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test." *The Hertz Corp. v. Friend*, 599 U.S. 77, 82 (2010). Under the nerve center test, "for diversity jurisdiction purposes a corporation's principal place of business 'refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities.'" *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) *citing Hertz*, 599 U.S. at 82.

21. Plaintiff is and was at all relevant times a California resident. *See* Exhibit A, Plaintiff's Complaint at ¶ 1; *see also* Exhibit B, Plaintiff's Charge of Discrimination.

22. ConAgra is a Delaware corporation with its corporate headquarters and principal place of business located at One ConAgra Drive, Omaha, Nebraska 68102. *See* Exhibit D, Deitloff Declaration at ¶ 3, 4.

23. ConAgra's management-level executives and corporate officers maintain offices in Omaha and its corporate decisions are made through its Omaha headquarters. *See* Exhibit D, Deitloff Declaration at ¶ 4.

24. ConAgra is therefore a citizen of Delaware and Nebraska for diversity purposes. 28 U.S.C. § 1332(c)(1).

25. Ralcorp is a Missouri corporation that maintains its principal place of business at ConAgra's headquarters in Omaha, Nebraska. *See* Exhibit D, Deitloff Declaration at ¶ 6.

26. Ralcorp's corporate decisions are made through ConAgra's Omaha headquarters. *See* Exhibit D, Deitloff Declaration at ¶ 6.

27. Ralcorp is therefore a citizen of Missouri and Nebraska for diversity purposes. 28 U.S.C. § 1332(c)(1).

28. Because Plaintiff and ConAgra and Ralcorp are citizens of different states, there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1).

## C. THE AMOUNT IN CONTROVERSY IN THIS MATTER EXCEEDS $75,000.

29. The amount in controversy requirement under 28 U.S.C. § 1332(a) requires that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

30. Where, as here, a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant(s) need only establish that it is more probable than not that the plaintiff's claims exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996).

31. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012). Of course, ConAgra and Ralcorp deny that Plaintiff is entitled to any relief.

32. Compensatory damages, punitive damages, and attorneys' fees, if recoverable as is the case here under the FEHA, are forms of relief that should be considered when determining the amount in controversy under 28 U.S.C. § 1332(a). *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

33. Plaintiff's Complaint alleges that ConAgra and Ralcorp harassed and discriminated against him because of his race and national origin, and discharged him because of his race and national origin and in retaliation for his alleged complaints of race and national origin discrimination, all in violation of the FEHA. *See* Exhibit A, Plaintiff's Complaint at ¶¶ 16 - 22, 27, 30, 37, 45, and 62.

34. Plaintiff's Complaint also alleges that he seeks "compensatory damages, in an amount according to proof." *See* Exhibit A, Plaintiff's Complaint at p. 13. Plaintiff's alleged compensatory damages include back pay, front pay, and damages for physical and mental emotional distress. *See* Exhibit A, Plaintiff's

Complaint at ¶¶ 31, 32, 38, 39, 46, 47, 56, 64, 65.

35.  At the time of Plaintiff's discharge, on September 27, 2013, Plaintiff earned $10.30 per hour. *See* Exhibit D, Deitloff Declaration at ¶ 8. As a full-time employee, Plaintiff earned approximately $21,424.00 per year. *See* Exhibit D, Deitloff Declaration at ¶ 8. Therefore, Plaintiff may recover approximately $34,814.00 in back pay from the termination of his employment on September 27, 2013 through the date of this Notice of Removal.

36.  As of December 2014, the median number of months for a civil lawsuit to proceed from filing to trial in the Central District of California was 19.9 months. *See* United States District Court - Central District of California profile at http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-december-2014.aspx. As such, Plaintiff's alleged back pay damages can be expected to increase by approximately $31,957.47, to $66,771.47. When Plaintiff's front pay damages and damages for emotional distress are included, it is more probable than not that Plaintiff's alleged compensatory damages alone are sufficient to satisfy the minimum threshold for diversity jurisdiction.

37.  Plaintiff also alleges that he seeks "punitive damages in the sum sufficient to make a proper example of [ConAgra and Ralcorp] and to deter future same or similar conduct," and attorneys' fees. *See* Exhibit A, Plaintiff's Complaint at ¶¶ 33, 40, 41, 48, 49, 57, 58, 66, 67, 73 and p. 13.

38.  Accordingly, a review of the allegations contained in Plaintiff's Complaint demonstrates that it is more probable than not that Plaintiff's claims exceed the $75,000 minimum jurisdictional amount for diversity jurisdiction in this Court.[2]

39.  As established above, there is complete diversity between the relevant

---

[2] Additionally, on Plaintiff's Civil Case Cover Sheet, Plaintiff checked the box indicating that he is seeking "Unlimited" monetary damages. *See* Exhibit A, Form CM-010.

parties and the amount in controversy exceeds $75,000. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this case is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

WHEREFORE, Defendants ConAgra Foods, Inc. and Ralcorp Holdings, Inc. respectfully remove this action now pending in the Superior Court of California in and for Los Angeles County to the United States District Court for the Central District of California, Western Division.

DATED: May 1, 2015               JACKSON LEWIS P.C.

By: _____
Nicky Jatana
Caroline B. Wolf

HUSCH BLACKWELL LLP
Randall S. Thompson
Anthony G. Grice

Attorneys for Defendants
CONAGRA FOODS, INC. and
RALCORP HOLDINGS, INC.